Colcock, J.
delivered the opinion of the Court.
I do not think the award objectionable on the grounds taken. It is true, that there has been a difference of opinion on this *82 point; but I incline to the reasoning of Mr. Kyd, which I think c01lc; usíve, and better calculated to effect the objects of an arbitration, than either that of Prisot, in the case from Rolle’s Abridgment, Tit. Arb. P. 8. or of Page, or Lee, in Tasker v. Keary, 2 Barnardiston, 317. He says, speaking of the lattter case, “ the authority of this case, however, from the character of the Reporter, as well as from the circumstance of its appearing tifiare been decided in the absence of the Chief-Justice, and one of the other Judges, is not much to be relied on, and the reasons given for the decision are not very satisfactory.’’ Kyd on Awards, 102.
Hartv James 1. Dallas, 355 Montgomery, 4 lb. 232. Passnior© ^ Pettit & Bay-aril. Ib. 270.
Where the arbitrators have agreed on the facts, and only differ on a single point, either with respect to the law arising on those facts, or to the extent of the recompense to be made by one party to the other ; or even where they agree on some facts, but differ with respect to others unconnected with the first; there t0 110 Soocl reason, why the umpire, if he thinks proPer’ maJ not la^e those points, on which the arbitrators agree, to be as they report them : The nature of his duty is only to make a final decision on the whole subject in dispute, where the arbitrators cannot do it; and by adopting their opinion as far as they agree, and incorporating it with his own on the other part, he effectually makes that final determination. In fact, it is not uncommon for an umpire to act in this manner ; at all events, I would require, as the Judges did in Hall v. Lawrence, 4 T. R. 589, that the parties should have required the umpire to hear them, if they wished to be heard.
The cases from Dallas did seem to controvert this last case; but J think the ground is unanswerable. If the parties are suffered to lie by, and after the award is made, to avail themselves of these technical exceptions, for I consider them as such, you effectually destroy this admirable domestic forum. In the case j */ — at bar, the parties have been fully heard at the trial of the case, anc[ jf tpey }la¿ sustained any injustice by the decision of the arbitrators, or the verdict of the jury, they could have shewn it. If, however, I were to decide from the evidence, so far as I can sec of the case, there is no ground of complaint. The motion is, therefore dismissed.
Motion refused.